UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

ROYAL DANIEL HALL,                )
                                  )
    Plaintiff,                    )
                                  )
    v.                            )   Civil Action No. 19-cv-109 (RBW)
                                  )
                                  )
CHRISTINE STONEMAN *et al.*,      )
                                  )
    Defendants.                   )
                                  )
_____

## MEMORANDUM OPINION

The plaintiff, Royal Daniel Hall, is a New York state prisoner proceeding *pro se*. Utilizing a form entitled "Complaint for Violation of Civil Rights" under 42 U.S.C. § 1983 (2018), the plaintiff has sued the United States Department of Justice ("Department of Justice" or "DOJ") and three DOJ officials in the Civil Rights Division ("the Division"), Christine Stoneman, Reese Brain, and Drew Terry. *See* Compl. ¶ IV (Parties), ECF No. 1. The plaintiff seeks the return of his "supporting documents" that he allegedly submitted to the DOJ to investigate alleged violations of his civil rights. Compl. ¶ V (Statement of Claim). The plaintiff also seeks review of "the misconduct of [defendant] Christine Stoneman" and $30 million "for pain and suffering[.]" Compl. ¶ VI (Relief).

Construing this action as arising, *inter alia*, under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2012), the defendants have moved to dismiss the Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction or for summary judgment under Rule 56. *See* Defendants' Motion to Dismiss or, Alternatively,

1

Motion for Summary Judgment ("Defs.' Mot."), ECF No. 11. The plaintiff has filed an opposition, *see* Plaintiff's Reply to Defendant's Motion to Dismiss or, Alternatively, Motion for Summary Judgment ("Pl.'s Opp'n"), ECF No. 15, and the defendants have replied. *See* Amended Reply in Further Support of Defendants' Motion to Dismiss or, Alternatively, Motion for Summary Judgment ("Defs.' Reply"), ECF No. 18. In addition, the Court has considered as part of the plaintiff's opposition his letter which the Court permitted to be filed on the docket on May 21, 2019 ("Pl.'s May 21, 2019 Ltr."), ECF No. 13.[1]

Having carefully considered the parties' submissions, and the entire record, the Court finds that (1) the DOJ has satisfied its obligations under the FOIA, and (2) subject matter jurisdiction is lacking over the plaintiff's non-FOIA claims. Therefore, the defendants' motion will be granted for the reasons explained more fully below.

## I. BACKGROUND

The plaintiff's allegations, along with the attachments to the Complaint, seemingly suggest the assertion of two claims. First, a FOIA claim against the DOJ, and second, a claim for monetary damages against Stoneman, in her official capacity.[2] The facts relevant to each claim are the following.

### A. The FOIA Claim

The plaintiff alleges that he "filed a Civil Rights complaint with the U.S. Department of Justice, in which [he] submitted supporting documents[,] some of the documents were returned

---

[1] Because the plaintiff did not insert page numbers on several filings he submitted in this case, the page numbers cited by the Court when referring to the plaintiff's filings are the automatically generated page numbers assigned to the plaintiff's filings by the Court's ECF system.

[2] The Complaint contains no allegations against DOJ employees "Reese Brain" and "Drew Terry." Compl. ¶ IV B. Therefore, the complaint as to these defendants is dismissed. *See* 28 U.S.C. § 1915A(b)(1) (2018) (requiring immediate dismissal of a prisoner's complaint "or any portion of the complaint" that fails to state a claim upon which relief may be granted).

to [him] and some were not. One of the important documents was grand jury minutes [he] submitted with [his] complaint." Compl. ¶ V. The plaintiff does not specify when those events occurred, but in an unaddressed FOIA request dated November 1, 2017, he "sought the return of the supporting documents that he submitted to [the Division] with his complaints in 2016 and 2017." Defs.' Mot., Declaration of Tink Cooper ("Cooper Decl.") ¶ 4, ECF No. 11-2. The DOJ's Mail Referral Unit received the request on December 27, 2017, and forwarded it to the Division on January 3, 2018.[3] *Id*. ¶ 3. The Division's Federal Coordination and Compliance Section ("FCCS") "returned a copy of the [p]laintiff's 2017 complaint documents to him on January 17, 2018." *Id.* ¶ 6.

The plaintiff filed this civil action on January 11, 2019. *See* Compl. at 1. Thereafter, on April 19, 2019, the FCCS "returned [to the plaintiff] a copy of the documents relating to [his] 2016 complaint," after having retrieved the documents from the Federal Records Center. Defs.' Mot., Cooper Decl. ¶ 7. That release consisted of 37 responsive pages, including "16 pages of grand jury testimony and 11 pages of Lexis legal case documents." Defs.' Reply, Supplemental Declaration of Tink Cooper ("Cooper Supp. Decl.") ¶ 7, ECF No. 18-1. Only "the victim's name in the grand jury transcript" was redacted, pursuant to 5 U.S.C. § 552(b)(7)(C) (2018) ("Exemption 7(C)"). Defendants' Statement of Material Facts ("Defs.' SMF") ¶ 3, ECF No. 11-1; *see* Defs.' Mot., Cooper Decl., Exhibit ("Ex") C (April 19, 2019 release letter).

In response to the plaintiff's opposition filed in this case, the FCCS, by letter dated June 13, 2019, "sent another copy of the 2017 documents" to the plaintiff. Defs.' Reply, Cooper Supp. Decl. ¶ 8. The supplemental release consisted of two of the plaintiff's letters dated

---

[3] Under DOJ regulations, if a FOIA requester fails to "write directly to the FOIA office of the component that maintains the records being sought," the "Mail Referral Unit will forward the request to the component(s) that it determines to be most likely to maintain the records that are sought." 28 C.F.R. § 16.3(a)(1)-(2) (2015).

3

August 9, 2017, and August 31, 2017, and "copies of court documents including the Dutchess County Court Judges' decision and orders and documents filed by [the] [p]laintiff's defense counsel in his criminal case." *Id*. The "28 [responsive] pages" were "released in full." *Id*., Ex. D (June 13, 2019 release letter).

### B. The Claim for Damages

Apparently in response to the plaintiff's "Civil Rights complaint" submitted to the DOJ, Stoneman, in her capacity as Principal Deputy Chief of the FCCS, wrote the following in a letter to the plaintiff dated December 15, 2016.

> This section coordinates the enforcement of various statutes that prohibit discrimination based on race, color, national origin, sex, and religion in programs that receive federal financial assistance. We also investigate complaints of discrimination on these bases against certain recipients of federal financial assistance . . . DOJ's recipients mainly include state and local (but not federal) police and sheriffs' departments, state departments of corrections, courts, and other similar entities. The circumstances you describe in your letter do not appear to allege a violation of the statutes we enforce. We regret that we cannot be of assistance to you in this matter.

Compl. Attachment, ECF No. 1-1 at 4 ("Stoneman Ltr."). Presumably considering Stoneman's response inappropriate, the plaintiff asks the Court in his Complaint "to address the misconduct of [Ms.] Stoneman" and "award [the] plaintiff for pain and suffering in the amount of [$] 30 million dollars." Compl. ¶ VI (Relief). Although it is unclear from the Complaint, the plaintiff's claim for damages appears to arise from Stoneman's letter, considering that he alleges that he was "prejudice[d]" by the DOJ's "dismiss[al] [of his] Civil Rights claim under false pretenses when [his] [C]omplaint had merit[.]" Compl. ¶ V (Statement of Claim).

## II.  LEGAL STANDARDS

A.  Rule 12(b)(1) Motion to Dismiss

Rule 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction.  A motion pursuant to this Rule "presents a threshold challenge to the court's jurisdiction . . . ." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987); *see Grand Lodge Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (noting that "a Rule 12(b)(1) motion imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority").  Accordingly, the Court must dismiss a claim if it "lack[s] . . . subject matter jurisdiction [.]"  Fed. R. Civ. P. 12(b)(1).

Under Rule 12(b)(1), "it is to be presumed that a cause lies outside [a federal court's] limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994), and the plaintiff bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence, *see Moore v. Bush*, 535 F. Supp. 2d 46, 47 (D.D.C. 2008).  In deciding a motion to dismiss based upon lack of subject matter jurisdiction, a Court is not limited to the allegations set forth in the complaint, but "may consider materials outside the pleadings . . . ." *Jerome Stevens Pharms., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).  Because the Court must ensure its jurisdictional authority, "'the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim."  *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001) (alteration in original) (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 (2d ed. 1987)).

## B. Rule 56 Motion for Summary Judgment

The Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When ruling on a Rule 56 motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. *See Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). The Court must therefore draw "all justifiable inferences" in the non-moving party's favor and accept the non-moving party's evidence as true. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party, however, cannot rely on "mere allegations or denials." *Burke v. Gould*, 286 F.3d 513, 517 (D.C. Cir. 2002) (quoting *Anderson*, 477 U.S. at 248). Thus, "[c]onclusory allegations unsupported by factual data will not create a triable issue of fact." *Pub. Citizen Health Research Grp. v. Food & Drug Admin.,* 185 F.3d 898, 908 (D.C. Cir. 1999) (Garland, J., concurring) (alteration in original) (quoting *Exxon Corp. v. Fed. Trade Comm'n*, 663 F.2d 120, 126–27 (D.C. Cir. 1980)). If the Court concludes that "the non[-]moving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then the moving party is entitled to summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

"FOIA cases typically are resolved on a motion for summary judgment." *Ortiz v. U.S. Dep't of Justice*, 67 F. Supp. 3d 109, 116 (D.D.C. 2014); *see also Defs. of Wildlife v. U.S. Border Patrol,* 623 F. Supp. 2d 83, 87 (D.D.C. 2009). "[The] FOIA requires federal agencies to disclose, upon request, broad classes of agency records unless the records are covered by the statute's exemptions." *Students Against Genocide v. U.S. Dep't of State,* 257 F.3d 828, 833 (D.C. Cir. 2001). In a FOIA action, therefore, the defendant agency has "[the] burden of

demonstrating that the withheld documents are exempt from disclosure." *Boyd v. Crim. Div. of U.S. Dep't of Justice,* 475 F.3d 381, 385 (D.C. Cir. 2007). The agency typically relies on affidavits or declarations.

> If an agency's affidavit describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith, then summary judgment is warranted on the basis of the affidavit alone.

*Shapiro v. United States Dep't of Justice,* 893 F.3d 796, 799 (D.C. Cir. 2018) (internal quotation marks and citation omitted).

The Court will grant summary judgment to the government in a FOIA case only if the agency can prove "that it has fully discharged its obligations under the FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester." *Friends of Blackwater v. U.S. Dep't of Interior*, 391 F. Supp. 2d 115, 119 (D.D.C. 2005) (quoting *Greenberg v. U.S. Dep't of Treasury,* 10 F. Supp. 2d 3, 11 (D.D.C. 1998)). Thus, in a lawsuit brought to compel the production of documents under the FOIA, "an agency is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced . . . or is wholly[, or partially,] exempt from [disclosure].'" *Students Against Genocide,* 257 F.3d at 833 (first alteration in original) (quoting *Goland v. Cent. Intelligence Agency,* 607 F.2d 339, 352 (D.C. Cir. 1978)). "Generally, 'an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Shapiro,* 893 F.3d at 799 (quoting *Larson v. Dep't of State,* 565 F.3d 857, 862 (D.C. Cir. 2009)).

## C. *Pro Se* Filings

In applying the framework above, the Court must be mindful of the fact that the plaintiff is proceeding in this matter *pro se*. This appreciation is required because the pleadings of *pro se* parties are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Furthermore, all factual allegations by a *pro se* litigant, whether contained in the complaint or other filings in the matter, should be read together in considering whether to grant a dispositive motion. *See Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999).

Nonetheless, a "*pro se* complaint, like any other, must present a claim upon which relief can be granted by the court." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981). And "when faced with a motion for summary judgment," a *pro se* litigant "must comply with the Federal Rules of Civil Procedure and this Court's local rules . . . regarding responding to statements of material fact and marshalling record evidence that establishes each element of his claim for relief[.]" *Hedrick v. Fed. Bureau of Investigation*, 216 F. Supp. 3d 84, 93 (2016) (citations omitted); *see McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *see also* April 29, 2019 Order, ECF No. 12 (explaining the plaintiff's obligations in responding to the defendant's dispositive motion); *cf. Hudson v. Hardy*, 412 F.2d 1091, 1094 (D.C. Cir. 1968) (per curiam) (holding "that before entering summary judgment against [a *pro se* party], the District Court, as a bare minimum, should have provided him with fair notice of the requirements of the summary judgment rule").

## III. ANALYSIS

### A. Subject Matter Jurisdiction

#### 1. Official-Capacity Claim

The plaintiff faults Stoneman essentially for conveying the agency's denial of his request to investigate his complaints that "raised issues of how [his] conviction was illegally obtained through the use of fraudulent documents, the superseding indictment being fatally defective." Pl.'s May 21, 2019 Ltr. at 1. He appears to seek judicial review of that decision. *See id*. at 2.

A "lawsuit [such as this] against a government official in his or her official capacity 'generally represent[s] only another way of pleading an action against an entity of which an officer is an agent,' such that 'an official [ ] capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Barroca v. Hurwitz*, 342 F. Supp. 3d 178, 189 (D.D.C. 2018) (Walton, J.) (alterations in original) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)). For claims involving the federal government, the United States Attorney General has absolute discretion in deciding whether to investigate such claims for possible criminal or civil prosecution, and, as a general rule applicable here, such decisions are not subject to judicial review. *Shoshone-Bannock Tribes v. Reno,* 56 F.3d 1476, 1480–81 (D.C. Cir. 1995); *see Wightman-Cervantes v. Mueller,* 750 F. Supp. 2d 76, 80 (D.D.C. 2010) ("[A]n agency's decision whether to prosecute, investigate, or enforce has been recognized as purely discretionary and not subject to judicial review.") (other citation omitted) (citing *Block v. SEC*, 50 F.3d 1078, 1081–82 (D.C. Cir. 1995)). Accordingly, the plaintiff's claim based on Stoneman's official conduct must be dismissed.[4]

---

[4] This disposition renders consideration of the plaintiff's request to "construe his complaint as [a] Bivens Claim rather than a 1983 action" moot. Pl.'s Opp'n at 9 ¶ 21 (citing *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)).

2. <u>Sovereign Immunity</u>

The plaintiff also claims that the defendants' responses to his FOIA request violated his "Federal Right to Due Process." Compl. ¶ V. But under the doctrine of sovereign immunity, the United States is immune from suit against itself, its agencies, and its officials in the absence of a "waiver that is unequivocally expressed in statutory text[.]" *Lane v. Pena*, 518 U.S. 187, 192 (1996). Such a waiver is "strictly construed, in terms of its scope, in favor of the sovereign." *Id*.

It is established that Congress has not waived the United States' immunity from lawsuits for monetary damages predicated on either constitutional violations or FOIA violations. *See Martinez v. Bureau of Prisons,* 444 F.3d 620, 623 (D.C. Cir. 2006) (per curiam) ("Neither FOIA nor the Due Process Clause provides a substantive right to compensation from the United States[.]"); *Pickering-George v. Registration Unit, Drug Enf't Admin./Dep't of Justice,* 553 F. Supp. 2d 3, 4 (D.D.C. 2008) ("Because the FOIA's 'comprehensive scheme' provides the exclusive remedy of an injunction for claims arising from the withholding of agency records, plaintiff may not recover monetary damages and he states no claim upon which relief may be granted for the separately alleged constitutional violations.") (quoting *Johnson v. Executive Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002)). Accordingly, the plaintiff's due process claim seeking monetary damages must be dismissed as well.

**B.     Summary Judgment**

The gravamen of the plaintiff's original claim under the FOIA is that the government omitted the grand jury minutes from its release of responsive records. *See* Compl. ¶ VI (seeking issuance of "a Judicial Duces Tecum pertaining to the missing Grand Jury Minutes dated October 27, 2015"). The plaintiff now concedes that the "DOJ has returned a copy of all the materials [he] submitted to the Division relating to his 2016 and 2017 complaints." Defs.' SMF

¶ 5; *see* Pl.'s May 21, 2019 Ltr. at 1 ("The agency finally returned the missing documents from my [2017] second complaint in 2018. My missing documents from my original complaint from 2016 were not returned to me until April 19, 2019."). Nonetheless, he opposes summary judgment because "the agency . . . failed to return the original documents . . . pertaining to the 2016 documents[.]" Pl.'s Opp'n at 3. The plaintiff also questions the agency's delayed release, asking "[w]hy did it take three years to redact the information from the Grand Jury minutes?" *Id*. at 4. Neither argument raises a material factual dispute to preclude summary judgment.

First, the fact that the released records were not the original documents is irrelevant. An agency's FOIA obligations extend only to records that it possesses and controls at the time of the FOIA request. *Clay v. U.S. Dep't of Justice,* 680 F. Supp. 2d 239, 245–46 (D.D.C. 2010) (Walton, J.) (citing *McGehee v. CIA*, 697 F.2d 1095, 1110 (D.C. Cir. 1983)). And "providing some form of access—even if not the exact one sought by the requester—[is] sufficient to discharge" such obligations. *Sample v. Bureau of Prisons*, 466 F.3d 1086, 1088 (D.C. Cir. 2006) (other citation omitted) (citing *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 70 (D.C. Cir. 1990)). Indeed, the FOIA states:

> In making any record available to a person under this paragraph, an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format. Each agency shall make reasonable efforts to maintain its records in forms or formats that are *reproducible* for purposes of this section.

5 U.S.C. § 552(a)(3)(B) (emphasis added); *see also id*. § 552(a)(4)(A)(ii)(iii) (limiting fees for the typical FOIA requester "to reasonable standard charges for document search and *duplication*") (emphasis added)). The FOIA therefore provides for the release of copies as substitutes for originals, and courts have long anticipated this alternative. *See Oglesby*, 920 F.2d at 70 (explaining that agencies can satisfy the FOIA's public access requirements by either

11

providing "copies of [responsive] documents" or making "responsive records available in one central location for [the requester's] perusal") (citations omitted); *see also SAI v. Transportation Sec. Admin.,* 315 F. Supp. 3d 218, 240 (D.D.C. 2018) ("FOIA requesters are entitled to [ ] legible copies of responsive agency records.") (citing *Cleary, Gottlieb, Steen & Hamilton v. Dep't of Health & Human Servs.*, 844 F. Supp. 770, 779 (D.D.C. 1993)); *Landmark Legal Found. v. E.P.A.*, 272 F. Supp. 2d 59, 63 (D.D.C. 2003) (rejecting challenge where the requester "ha[d] not argued that the paper copies of . . . emails [were] not 'readily reproducible'" and "the Court [saw] no reason why they could not be easily duplicated on a copy machine"). In any event, the Court must "accord substantial weight to an [agency's] affidavit . . . concerning the agency's determination as to . . . reproducibility under (3)(B)," 5 U.S.C. § 552(a)(4)(B), and, according to the DOJ's declarant, "the FCCS and Records staff advised [that] the files they maintain for [the] [p]laintiff's complaints to [the Civil Rights Division] do not include the original of any document that [was] submitted." Defs.' Reply, Cooper Supp. Decl. ¶ 9.

As for the delayed release of records, the plaintiff merely posits that it "was done intentionally to help discredit the issues raised in [his] complaint [ ] to the agency" about his conviction. Pl.'s Opp'n at 4. Such speculation is wholly inadequate to create a triable issue of fact under the FOIA. *Broaddrick v. Exec. Office of the President,* 139 F. Supp. 2d 55, 63 (D.D.C. 2001) ("Agency affidavits are accorded 'a presumption of good faith' and cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'") (quoting *SafeCard Servs. Inc. v. Sec. Exch. Comm'n,* 926 F.2d 1197, 1200 (D.C. Cir. 1991)); *see also Pub. Employees for Envtl. Responsibility v. Int'l Boundary & Water Comm'n*, 740 F.3d 195, 200 (D.C. Cir. 2014) ("[A]n agency's failure to turn up every responsive document in an initial search is not necessarily evidence of bad faith."). Furthermore,

"[b]ecause the FOIA is concerned only with the disclosure of agency records, the requester's identity and purpose for the disclosure are generally immaterial." *Clay,* 680 F. Supp. 2d at 248 (citing *North v. Walsh*, 881 F.2d 1088, 1096 (D.C. Cir. 1989)). And, although the plaintiff has not disputed the government's minimal redaction of "the victim's name" from the released grand jury transcript, Defs.' SMF ¶ 3, the Court notes that "[s]uch information is 'categorically' protected from disclosure under exemption 7(C) absent the plaintiff's showing that 'a significant public interest exists for disclosure.'" *Clay*, 680 F. Supp. 2d at 247 (citing *Kurdyukov v. U.S. Coast Guard*, 657 F. Supp. 2d 248, 255–56 (D.D.C. 2009)). It is the law in this circuit that "however fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform." *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982).

## IV. CONCLUSION

For the foregoing reasons, the Court finds that no triable issue exists concerning the DOJ's responses to the plaintiff's FOIA request and that the DOJ is entitled to summary judgment. The Court further finds that subject matter jurisdiction is lacking over the plaintiff's non-FOIA claims and therefore dismisses those claims.[5]

DATE: March 25, 2020

_____s/_____
Reggie B. Walton
United States District Judge

---

[5] A separate Order accompanies this Memorandum Opinion.